**RIEMER & BRAUNSTEIN LLP**
Alan L. Braunstein, Esq. (abraunstein@riemerlaw.com)
Three Center Plaza
Boston, Massachusetts 02108
Tel: (617) 523-9000
    -and-
Steven E. Fox, Esq. (sfox@riemerlaw.com)
Brett J. Nizzo, Esq. (bnizzo@riemerlaw.com)
Times Square Tower, Suite 2506
Seven Times Square
New York, NY 10036
Tel: (212) 789-3100

-and-

**LAW OFFICES OF MICHAEL W. CARMEL, LTD.**
Michael Carmel, Esq. #007356 (michael@mcarmellaw.com)
80 East Columbus Avenue
Phoenix, Arizona 85004
Tel: (602) 264-4965

Co-Counsel to the Debtor

UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| In re<br><br>SWIFT AIR, L.L.C.,<br><br>Debtor. | Case No. 2:12-bk-14362 DPC<br><br>Chapter 11<br><br>**DEBTOR'S NOTICE OF WITHDRAWAL OF EMERGENCY MOTION FOR ORDER (A) AUTHORIZING AND APPROVING DEBTOR'S ENTRY INTO A PLAN FUNDING TERM SHEET WITH BEACHSIDE CAPITAL, LLC AND (B) GRANTING OTHER RELATED RELIEF[1]** |

SWIFT AIR, L.L.C., debtor and debtor-in-possession herein (the "Debtor"), hereby files this Notice of Withdrawal of the Debtor's pending emergency motion (the "Emergency Motion") [D.R. No. 485, 486] seeking (a) authorization to enter into a plan funding term sheet (the "Plan Funding

---

[1] In filing this Notice of Withdrawal, the Debtor moots the request by the Official Creditors' Committee (the "Committee") [D.R. No. 500] seeking entry of an order, inter alia, vacating the hearing and the Committee's response deadline in connection with Debtor's Emergency Motion ("Committee Vacate Request").

1

Agreement") with Beachside Capital, LLC (or a designee thereof, "Beachside"), and (b) approving certain termination fee and exclusivity provisions provided for in the Plan Funding Agreement.

## BACKGROUND

1. On May 9, 2013, the Debtor and various other estate constituents executed and delivered the Plan Funding Agreement with Beachside. Among other things, the Plan Funding Agreement required that Beachside deposit into escrow the sum of $2.0 million, representing a good faith deposit in respect of the acquisition consideration contemplated by the Plan Funding Agreement.

2. At a hearing conducted on May 9th, Beachside – through its principal, Michael Schreiber – informed the Court that the escrow deposit would be completed within a few business days, but in any event on or before Tuesday, May 14th.

3. Since the May 9th hearing, the Debtor and its counsel have diligently attempted to secure confirmation from Beachside, and its counsel, as to the status and timing of the required escrow deposit. Although the Debtor had received assurances that the escrow was in process, as of the filing by the Committee of the Committee Vacate Request the Debtor had not been successful in confirming that the escrow deposit requirement had in fact been satisfied.

4. Subsequent to the filing by the Committee of the Committee Vacate Request, Debtor's counsel was contacted by Beachside's counsel (at approximately 6:15 pm (ET) on Thursday, May 16, 2013), who in turn advised that (i) Beachside could not deliver on its acquisition consideration commitments as contemplated by the Plan Funding Agreement[2], (ii) Beachside therefore would not complete the required escrow deposit, and (iii) Beachside intended to unilaterally terminate the Plan Funding Agreement.

---

[2] In this regard, Beachside's counsel pointed to the commitment in the Plan Funding Agreement, Page 2, subclause (b), under which Beachside committed to source "[o]ne or more contracts that, in the aggregate, are expected to provide a minimum of $21 million in supplemental post-confirmation annual operating revenue over a period approximating 24 months from the Plan Effective Date". Counsel further stated, in essence, that the delays associated with completing the transaction with the Debtor were the root cause of Beachside's inability to deliver on its commitments.

2

5. As of the filing of this Notice of Withdrawal, the Debtor has not received formal written notification from Beachside or its counsel of its termination of the Plan Funding Agreement. Nevertheless, in light of Beachside's stated intentions (as conveyed through its counsel), the Debtor is constrained to withdraw the Emergency Motion at this time, without prejudice.[3]

Dated: May 17, 2013

Respectfully submitted,

SWIFT AIR, L.L.C.

By its counsel,

RIEMER & BRAUNSTEIN LLP
Alan L. Braunstein
Three Center Plaza
Boston, Massachusetts 02108
Tel: (617) 523-9000
abraunstein@riemerlaw.com
　　　-and-
Steven E. Fox, Esq.
Brett J. Nizzo, Esq.
Times Square Tower
Seven Times Square, Suite 2506
New York, NY 10036
Tel: (212) 789-3100
sfox@riemerlaw.com
bnizzo@riemerlaw.com

　　　-and-

LAW OFFICES OF MICHAEL W. CARMEL, LTD

/s/ Michael Carmel
Michael Carmel, Esq. #007356
80 East Columbus Avenue
Phoenix, Arizona 85004
Tel: (602) 264-4965
michael@mcarmellaw.com

---

[3] The withdrawal of the Emergency Motion notwithstanding, the Debtor reserves all claims, actions, causes of action, suits, accounts, controversies, agreements, promises, rights to legal remedies, rights to equitable remedies, rights to payment and claims, whether known, unknown, reduced to judgment, not reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured and whether asserted or assertable directly or derivatively, in law, equity or otherwise as against Beachside, any of its affiliates and subsidiaries, present or former members, directors, officers, managers, employees, advisors, attorneys, or agents, attorneys, financial advisors, investment bankers and other professionals retained by any such person(s).